IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERRY A. WILEY, | Civ. No. 19-00195 JMS-WRP |
| Plaintiff, | ORDER DISMISSING CASE |
| vs. | |
| KYNA VEA, et al., | |
| Defendants. | |

## ORDER DISMISSING CASE

## I.  INTRODUCTION

On April 17, 2019, pro se Plaintiff Sherry A. Wiley ("Plaintiff") filed a Complaint and an Application to proceed in forma pauperis ("IFP Application"). ECF Nos. 1-2.  On July 17, 2019, the court granted the IFP Application and dismissed the Complaint, with leave to amend, for failure to state a claim.  ECF No. 6.  On October 18, 2019, Plaintiff filed an amended complaint against numerous Defendants,[1] and on November 14, 2019, she sought to amend that

---

[1] The amended complaint names the following Defendants:

(a) the "Veteran's Administration Honolulu, Hawaii" (the proper name for the Veteran's Administration is the United States Department of Veterans Affairs "VA") ("VA Hawaii"); VA Hawaii employees Andrew Dahlberg, Program Manager of VA HUD Veterans Affairs Supportive Housing ("VASH") ("Dahlberg"); Rachel Roche, VA HUD VASH ("Roche"); Dr. David Bernstein, Director of Mental Health/HUD VASH ("Bernstein"); Dr. Celia, Assistant

(continued . . . )

amended complaint.  ECF Nos. 9-10.  On December 20, 2019, the court construed

those filings together as a "First Amended Complaint" ("FAC").  ECF No. 12.  On

February 21, 2020, in a detailed order, the court dismissed the FAC—in part with

prejudice, and in part without prejudice—and granted Plaintiff leave to file by

---

Director of Mental Health/HUD VASH ("Celia"); Jennifer Gutowski, Director of VA Pacific Honolulu, Hawaii ("Gutowski"); Steven Price, Director of Human Resources ("Price"); Jackie Nuygen, Employment Specialist ("Nugyen"); Lao Loial, Director of the VA Laboratory, 2nd floor ("Loial"); Schoen Safotu, Director for VA Volunteers ("Safotu"); the Vet Center and Cameron Apostle-Chinn, Vet Center Counseling Psychologist ("Apostle-Chinn") (collectively, the "VA Hawaii Defendants");

(b) the "Veteran's Administration Palo Alto/San Jose, CA" ("VA California"); Mona Bazzi, Program Director of HUD VASH; ("Bazzi"); Rhonda Staton, Supervisor of HUD VASH ("Staton"); Christina Savage, Case Worker ("Savage"); Thang D. Ho, Case Worker ("Ho"); Steven Gun, Case Worker ("Gun"); Danica Bogicevic, VA OIG Vision 21, West Coast Regional Homeless Program Director ("Bogicevic"); Maxine Pulliam, West Coast Regional Director, Supportive Services for Vet. Families ("SSVF") ("Pulliam"); and Jill Albanese, VA Central States Director for SSVF ("Albanese"); (collectively, the "VA California Defendants"); (collectively with the VA Hawaii Defendants, the "VA Defendants");

(c) U.S. Vets Headquarters and U.S. Vets Barber's Point, Hawaii (collectively, "U.S. Vets"); U.S. Vets employees Larry Williams, Regional Director of Program Services ("Williams"); Dana Manners, Barber's Point Program Manager ("Manners"); Jamie Henry, Barber's Point COO ("Henry"); Lewis Randall Slusher, After Care Case Manager ("Slusher"); Shawna, Supervisor of all Case Managers; Julia Radcliff, Case Worker ("Radcliff"), Duke, Housing Search Specialist; Adam, Housing Search Specialist; GiGi, Housing Search Specialist; Carla Hamler, Supervisor for SSVF Case Managers ("Hamler"); Senade L., Director of SSVF Funding ("Senade"); and Mark Duffy, Case Manager for SSVF Funding ("Duffy"); (collectively, the "U.S. Vets Defendants");

(d) Honolulu Community Action Program Barber's Point ("HCAP"); HCAP employees Alafau Maustuf, Manager ("Maustuf"), Pol, Resident Manager; Buzzie, Resident Manager; Dana, Resident Manager; and Mel, Resident Manager; (collectively, the "HCAP Defendants"); and

(e) CloudBreak Hawaii ("Cloudbreak"); Cloudbreak employees Kyna Vea, Director of Cloudbreak Hawaii ("Vea"); Veronica E. Malabey, Assistant Manager ("Malabey"); Jessica Romena, Office Specialist ("Romena"); and Bobby, Security and U.S. Vets Peer Specialist; (collectively, the "Cloudbreak Defendants") (collectively with all of the above, "Defendants").

March 20, 2020, a second amended complaint ("SAC") "limited to attempting to assert a cognizable [claim pursuant to the Federal Tort Claim Act] against the United States based on conduct by the VA Defendants in their official capacities, and to re-assert her state-law claims against existing Defendants." ECF No. 13 at PageID #133 (the "February 21, 2020 Order"). The court warned Plaintiff that "[f]ailure to file a second amended complaint by March 20, 2020 will result in automatic dismissal of this action without prejudice." *Id.* On the same day it was filed, a copy of the February 21, 2020 Order was mailed to Plaintiff at the address she provided: 5 78th Street North, Birmingham, AL 35206. *See* ECF No. 11 at PageID #104. No mailing was returned to the court as undeliverable.

As of the date of this order, Plaintiff has failed to file either a SAC or a motion for an extension of time. Thus, this action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the February 21, 2020 Order and failure to prosecute.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court

///

///

///

3

order."[2]  *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  And

"[i]t is within the inherent power of the court to sua sponte dismiss a case for lack

of prosecution."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v.

Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962)).  Specifically, the court has

discretion to dismiss an action for failure to comply with an order requiring a

plaintiff to file an amended complaint within a specific period of time.  *See

Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002).

      To determine whether dismissal is warranted, the court must consider:

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits; and (5) the availability of less

drastic sanctions."  *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460

F.3d 1217, 1226 (9th Cir. 2006) (citations omitted); *see also Pagtalunan*, 291 F.3d

at 642.

      Weighing these factors, the court finds that dismissal is warranted.

First, Plaintiff's failure to comply with the February 21, 2020 Order hinders

resolution of this action on the merits, and thus, the public's interest in expeditious

---

[2] The Local Rules of Practice for the United States District Court for the District of
Hawaii also authorize the imposition of sanctions, including, if appropriate, dismissal, when a
party fails to comply with any of its provisions.  *See* Local Rule 11.1 ("Failure of counsel or a
party to comply with any provision of the Local Rules is a ground for imposition of appropriate
sanctions, including a fine or dismissal.").

resolution of litigation.  This factor strongly favors dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Plaintiff's failure to file a SAC within the deadline set by the court indicates that she does not intend to litigate this action diligently and impedes the court's ability to manage its docket—this case has been placed in limbo without any assurance that Plaintiff intends to proceed, thereby hindering the court's ability to move this case forward.  Thus, this factor strongly favors dismissal.  *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.") (citation omitted).

Third, Plaintiff's failure to file a SAC has impaired Defendants' ability to proceed toward resolution of this action.  The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.  *See id.* at 642 (citing *Yourish*, 191 F.3d at 991).  Plaintiff has provided no excuse or reason for her failure to comply with the February 21, 2020 Order.  Prejudice to the opposing party favors dismissal where a party offers a poor excuse, or no excuse, for failing to comply with a court's order.  *See Yourish*, 191 F.3d at 991-92.  Thus, this factor favors dismissal.

Fourth, imposing less drastic alternatives to dismissal would be futile. The court provided Plaintiff both an opportunity to amend her pleading and guidance on doing so.  Despite the court's warning that Plaintiff's failure to file a SAC within a specified period of time will result in dismissal of this action, Plaintiff failed to avail herself of such opportunity.  Thus, because imposing further less drastic alternatives would be futile, this factor favors dismissal.  *See Ferdick*, 963 F.2d at 1262 (explaining that a less drastic alternative includes a court warning that failure to comply would result in dismissal).

Finally, although public policy generally favors disposition of cases on their merits, under the circumstances, this factor is outweighed by the other four factors favoring dismissal.  *See Pagtalunan*, 291 F.3d at 643.

For the reasons set forth above, this action is DISMISSED for failure to comply with the February 21, 2020 Order and failure to prosecute.  Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Based on the circumstances here—Plaintiff's failure to file either a SAC or motion for extension of time, and the futility of imposing lesser sanctions—the court finds that dismissal without prejudice is warranted.  *See Cvetkov*, 739 F.2d at 497 (recognizing that "dismissal without prejudice is a more easily justified sanction for failure to prosecute"); *cf. Amina v. WMC Mortg. Corp.*, 554 F. App'x 555, 555 (9th Cir.

6

2014) (Mem.) (affirming dismissal with prejudice for failure to prosecute where plaintiffs "*repeatedly*" failed to comply with obligations in prosecuting case despite being warned that if they failed to comply with such obligations, the action might be dismissed) (emphasis added).

### III. <u>CONCLUSION</u>

Based on the foregoing, this action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to comply with the February 21, 2020 Order and failure to prosecute. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 3, 2020.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Wiley v. Vea, et al.*, Civ. No. 19-00195 JMS-WRP, Order Dismissing Case